UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEAN MANIBOG ) | |
| ) | |
| Plaintiff ) | Case Number |
| ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| UNITED COLLECTION ) | |
| BUREAU, INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Dean Manibog, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1. Plaintiff, Dean Manibog, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.  Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office in this District.

## III. PARTIES

4.  Plaintiff, Dean Manibog, is an adult natural person residing at 1611 Taylor Mills Court, Katy TX 77494.

5.  Defendant, United Collection Bureau, Inc. ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of Texas and the Commonwealth of Pennsylvania with its principal place of business located at 5620 Southwyck Boulevard, Suite 206, Toledo OH 43614 and a registered office at 116 Pine Street, Suite 320, Harrisburg PA 17101.

6.  Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about January 15, 2009, Defendant, by and through its agents, including but not limited to Mr. Shapiro, Ms. Woods, Alex, Nate and Mr. Smith began a series of harassing and abusive telephone calls to Plaintiff.

8. Repeatedly, Plaintiff informed Defendant's agents that he had been laid off and was receiving unemployment income only. Additionally, Plaintiff explained that he was not refusing to pay the alleged debt.

9. On or about January 15, 2009, Defendant's agent, Mr. Shapiro called Plaintiff and indicated that he was with the "Legal Division of United Collection Bureau".

10. On or about January 21, 2009, Defendant's agent, Ms. Wood called Plaintiff and indicated that Defendant was about to assess a $1400.00 fee to find the Plaintiff's assets.

11. On or about January 23, 2009, Defendant's agent, Mr. Shapiro offered Plaintiff a settlement amount of $2800.00. Plaintiff once again explained that he was unemployed and unable to come up with such an amount.

12. Defendant's agents continued their telephone harassment for several more months.

13. On or about June 5, 2009, Defendant's agent, Mr. Smith called Plaintiff and left a message indicating that Defendant was investigating the matter and informing Plaintiff of the process. Defendant's agent, Mr. Smith repeated the last four (4) digits of Plaintiff's social security number twice in the message.

14. At no time during the foregoing message did Defendant's agent identify himself or the agency he worked for.

15. Plaintiff called Defendant's agent back the same day.

16. Defendant's agent, Mr. Smith stated that he worked for the "Legal Department of Citibank".

17. After questioning Defendant's agent, Mr. Smith repeatedly, Plaintiff was able to ascertain that Mr. Smith did not, in fact work for Citibank but was truly an agent of Defendant.

18. At no time did any of Defendant's agents state the mini-Miranda to the Plaintiff.

19. Plaintiff has never received a written notice from Defendant and, therefore has not been afforded his right to validation of the alleged debt as provided by the FDCPA.

20. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

21. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT 1 – FDCPA

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692c(a)(1), d, d(2), d(5), d(6), e, e(2), e(5), e(7), e(10), e(11), f, f(6) and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, United Collection Bureau, Inc. for the following:

    a.    Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

    b.    Actual damages;

    c.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    d.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    e.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

**Date: July 13, 2009**     **BY:**     **/s/ Brent F. Vullings**
Bruce K. Warren, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff